

The following constitutes the order of the Court.
Signed: November 1, 2024

_____
Charles Novack
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MIN KYONG YI,<br>      Debtor. | Case No. 14-40978 CN<br>Chapter 7 |
| MIN KYONG YI,<br><br>      Plaintiff,<br><br>vs.<br><br> YOUNG JIN BAE,<br><br>      Defendant. | Adversary No. 23-4003 CN<br><br>**MEMORANDUM DECISION AND ORDER RE WILLFUL VIOLATION OF THE AUTOMATIC STAY** |

    On September 16, 2024, the court conducted a trial in this adversary proceeding to determine the merits of plaintiff Min Kyong Yi's claim that defendant Young Jin Bae's post-petition recordation of an abstract of judgment willfully violated the automatic stay under Bankruptcy Code § 362(k). Yi asserts that Bae's recordation of the abstract of judgment and his refusal to immediately remove the lien after receiving a demand letter from her attorney entitles her to recover compensatory and punitive damages, and her attorney's fees. The following constitutes this court's findings of fact and conclusions of

law under Federal Rule of Civil Procedure 52(a)(1), made applicable here by Federal Rule of Bankruptcy Procedure 7052.

Min Kyong Yi ("Yi") filed her underlying Chapter 7 bankruptcy on March 6, 2014. Her Bankruptcy Schedule A stated that she owned a fee interest in real property located at 12 Topsail Court, Pleasant Hill, California when she filed the Chapter 7. Yi disclosed on her Statement of Financial Affairs (which she filed on the petition date) that Bae had sued her in Contra Costa County Superior Court and obtained a judgment against her. Despite this disclosure, Yi did not list Bae as a creditor in her bankruptcy schedules or Creditor Matrix, and Bae was unaware of the bankruptcy filing when his state court attorney recorded an abstract of judgment with the Contra Costa County Recorder's Office on March 24, 2014. The recordation of the abstract of judgment purportedly created a lien against Yi's interest in the Topsail Court property. Yi never amended her Bankruptcy Schedules to include Bae as a creditor.

On June 20, 2014, Bae commenced an adversary proceeding against Yi to deny her a Chapter 7 discharge. While that litigation was subsequently dismissed, this adversary proceeding put Bae on notice that Yi had filed a Chapter 7 bankruptcy, that an automatic stay was created when Yi filed her Chapter 7, and that the recordation of the abstract of judgment violated the automatic stay. What was equally obvious was that the lien created by its recordation was void as a matter of law. *See*, *e.g.*, *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992) (violations of the automatic stay are void, not voidable).

The bankruptcy court closed Yi's Chapter 7 case on April 6, 2015, after she received her discharge, and for the next six years the abstract of judgment remained dormant. On or about September 20, 2021, Yi's bankruptcy attorney emailed a demand letter to Bae's Superior Court counsel informing him that the March 24, 2014 recordation of the abstract of judgment constituted a willful violation of the automatic stay, making he and Bae

potentially liable for damages and attorney's fees under Bankruptcy Code § 362(h)[1]. Yi's attorney demanded that Bae immediately release the abstract of judgment.

Having failed to receive any response from Bae's attorney, Yi's attorney then sent a letter directly to Bae on or about June 21, 2022, which restated the assertion that the abstract of judgment violated the automatic stay and again demanded that Bae release the lien. In both letters, Yi's attorney stated that abstract of judgment may result in "Yi [being] declined for a home loan refinance.[2]"

Yi's demand letters were prompted by her interest in refinancing the Topsail Court property. Yi testified that she first learned of the abstract of judgment in June 2021 (notwithstanding her disclosure of Bae's judgment on her Statement of Financial Affairs) when she was considering a refinance, and that the abstract of judgment was interfering with her refinance efforts. She testified that her potential refinance would have reduced her monthly house payment by approximately $517, and that her inability to refinance caused her to worry excessively about her home, increased her blood pressure, interfered with her sleeping, caused headaches, and led to stomach issues which required that she take medicine. She testified further that these medical issues dissipated after Bae recorded an acknowledgment of satisfaction of judgment with the Contra Costa County Recorder's Office on March 10, 2023[3]. No medical professional testified to corroborate the onset and cause of Yi's medical problems and the reasons for their resolution.

As proof of her refinance efforts, Yi introduced into evidence "Loan Escrow Instructions" dated July 28, 2021, that were prepared by Prime Service Escrow, Inc. The instructions disclose that Yi's son, Kevin Chu, was the person who was refinancing the

---

[1] Congress amended the Bankruptcy Code in 2005 and relabeled § 362(h) as § 362(k).

[2] Yi's demand letters also asserted that the abstract of judgment violated the discharge injunction under Bankruptcy Code § 524(a)(2). As noted *infra*, Yi is not pursuing a discharge injunction claim for relief.

[3] Yi commenced this adversary proceeding on February 7, 2023. Bae apparently released the abstract of judgment in response to the litigation.

Topsail Court property and that title to the property would be in his name alone after the refinance. When questioned by the Court regarding the absence of her name on title, Yi testified that her son was also on title and that he was in a better position to refinance the Topsail Court property.

Yi's sole claim for relief is her demand under Bankruptcy Code § 362(k)(1), which provides in pertinent part that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). There is no question that Bae's post-petition recordation of the abstract of judgment violated the automatic stay. *See* 11 U.S.C. §§ 362(a)(1), (a)(4), (a)(5) and (a)(6). The more pressing question is whether the recordation of the abstract of judgment and its continued presence on the county recorder's index constituted willful violations and what, if any, damages arose from these acts.

A creditor willfully violates the automatic stay when the creditor knows of the automatic stay and the conduct in question is intentional. No specific intent is required and a good faith belief that the stay is not being violated is not relevant to whether the act was willful or whether compensation must be awarded. *Morris v. Peralta (In re Peralta)*, 317 B.R. 381, 389 (9th Cir. BAP 2004) (citation omitted). Under this standard, the March 24, 2014 recordation of the abstract of judgment was not a willful violation of the stay, since Bae was unaware of Yi's bankruptcy filing and the concomitant automatic stay. But Bae became aware of Yi's bankruptcy filing – and thus the automatic stay – by no later than June 20, 2014, when his attorney filed the § 727 adversary proceeding against Yi[4]. Bankruptcy Code § 362(a) imposes an affirmative duty to discontinue post-petition collection actions. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1214 (9th Cir. 2002). Bankruptcy Code § 362(a)(1) not only prohibits the post-petition "commencement" of most

---

[4] This court may impute Bae's attorney's knowledge of Yi's bankruptcy filing to Bae. *See, Perle v. Fiero (In re Perle)*, 725 F.3d 1023, 1027 (9th Cir. 2013) ("ordinarily, a lawyer is a client's agent and, consistent with agency law, 'are considered to have notice of all facts know to their lawyer-agent.'")

Case: 23-04003    Doc# 40    Filed: 11/01/24    Entered: 11/01/24 19:27:28    Page 4 of 7

4

collection actions, but also the "continuation" of such litigation and any effort to recover a pre-petition claim against the debtor. 11 U.S.C. § 362(a)(1).  The post-petition recordation of an abstract of judgment qualifies as the continuation of a judicial proceeding, and most certainly constitutes an effort to recover that claim. Thus, once having learned of the automatic stay, Bae was duty-bound to undo his stay violation and release the abstract of judgment. His failure to do so constituted a willful (and ongoing) violation of the automatic stay.

Section 362(k) authorizes this court to award Yi her actual damages, including damages for her emotional distress.  A debtor may recover emotional distress damages "if the individual provides clear evidence to establish that significant harm occurred as a result of the violation . . . . [T]o be entitled to damages for emotional distress under [section 362(k)], an individual must (1) suffer significant harm, (2) clearly establish the significant harm, and (3) demonstrate a causal connection between that significant harm and the violation of the automatic stay (as distinct, for instance, from the anxiety and pressures inherent in the bankruptcy process)." *Dawson v. Wash. Mut. Bank (In re Dawson)*, 390 F.3d 1139, 1148-49 (9th Cir. 2004).  Fleeting or trivial anxiety or distress do not justify an award of damages. *Ibid*.

Yi's damages primarily arise from her frustrations to refinance the Topsail Court property and the stress and related health problems that were purportedly caused by her refinance difficulties. First, Yi has not established by clear evidence that the abstract of judgment caused her any financial difficulties.  The only evidence related to the property's refinance indicates that her son was refinancing the property and taking sole title to the residence.  There was no testimony that Yi and her son intended to share the cost of the monthly house payments or that her son could not pay the mortgage on his own.

The court sympathizes with Yi's health difficulties, but Yi has not clearly established a causal connection between the stay violation and these ailments, or that these ailments constituted significant harm.  The abstract of judgment became troublesome when

Yi became interested in refinancing the Topsail Court property[5]. Bae never attempted or threatened to enforce the abstract and seek a sheriff's sale of the property; moreover, the abstract of judgment was void as a matter of law. Yi did not present any expert testimony substantiating the severity of her medical conditions or testify that she knew of no other reasons why she began suffering these ailments. The court does not question that the abstract of judgment was upsetting, but it was little more than a nuisance that any competent attorney could quickly dispose of. Accordingly, the court declines to award any actual or punitive damages due to the violation of the automatic stay[6].

The court, will however, award reasonable attorney's fees to Yi. Section 362(k) provides that "an individual injured by any willful violation of a stay provided by this section shall recover . . . attorneys' fees[.]" 11 U.S.C. § 362(k)(1). There is little question that the imposition of an unwanted and unwarranted lien against an individual's real property constitutes an injury, and that Yi appropriately retained counsel to remove it. The fact that this court is not awarding actual damages does not prevent it from awarding fees. *See, In re Koeberer*, 632 B.R. at 691-92. Yi's attorney's fees are described in her Exhibit 8. Yi may supplement Exhibit 8 with a declaration establishing the fees that she incurred to try this adversary proceeding. Yi's counsel shall file and serve a declaration detailing these fees no later than **November 18, 2024**. If Bae wishes to object to these additional fees, he must file a declaration no later than **December 2, 2024.**

**\*\*\*END OF MEMORANDUM DECISION\*\*\***

---

[5] The court recognizes that Yi would have been compelled to address the abstract of judgment at some juncture, be a refinance or the sale of the property.

[6] Punitive damages are appropriate in circumstances indicating reckless or callous disregard for the law or rights of others. *Koeberer v. Cal. Bank of Commerce (In re Koeberer)*, 632 B.R. 680, 691 (9th Cir. BAP 2021) (citations omitted).

Adversary No. 23-4003 CN

**COURT SERVICE LIST**

**Young Jin Bae**
14700 Washington Avenue, #213
San Leandro, CA 94578

Other recipients are ECF participants